UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JAMES W. SLATER,
          *Defendant-Appellant.*

No. 02-4556

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-01-160)

Submitted: June 30, 2003

Decided: July 16, 2003

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James W. Slater pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of ten years imprisonment. Slater appeals his sentence, contesting the district court's decision to make an adjustment for obstruction of justice, *U.S. Sentencing Guidelines Manual* § 3C1.1 (2001), by adopting the recommendation in the presentence report without making an independent fact finding. We affirm.

Slater's presentence report contained a recommendation for an obstruction of justice adjustment based on testimony at a preliminary hearing concerning revocation of his bond in which it was alleged that Slater had attempted to bribe, intimidate and coerce his son into taking responsibility for a large quantity of marijuana found in a house occupied by Slater when he was initially taken into custody by state authorities. Although Slater vigorously challenged a recommended enhancement under USSG § 2K2.1(b)(5) for possession of a firearm in connection with another felony—the marijuana offense—he did not object to the adjustment for obstruction of justice. Slater's sentencing hearing was continued twice to provide him a full opportunity to contest the subsection (b)(5) enhancement and decide whether he wished to withdraw his guilty plea, but Slater made no mention of the probation officer's recommendation for an obstruction of justice adjustment until the district court had made its findings and determined the guideline range. In his allocution to the court just before sentence was imposed, Slater stated that he "didn't obstruct."

Because Slater did not contest the obstruction of justice adjustment in the district court, the district court's adoption of the recommendation without an independent finding is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 732-37 (1993) (unpreserved error may be corrected only if error occurred, that was plain, and that affects substantial rights, and if failure to correct error would seriously affect the fairness, integrity, or public reputation of judicial proceedings); *United States v. McAllister*, 272 F.3d 228, 230 (4th Cir. 2001).

We conclude that the district court did not plainly err. The district court may adopt the findings in the presentence report without further inquiry unless the defendant makes an affirmative showing that the information in the presentence report is inaccurate or unreliable. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) (citing *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990)). Slater made no affirmative showing that the information in the presentence report was inaccurate. His statement in mitigation was not an objection, but even if we were to consider it as such, it was no more than a "mere objection" without supporting evidence. *Terry*, 916 F.2d at 162.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*